## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

**DEIRDRA CLARK**                                     **CASE NO.  _____**

**VERSUS**

**SHOP & SAVE GAS, INC.,**
**MOHAMED ISMAIL,**
**ANOOD, LLC, AND**
**ALI M. ABDULLA**

## <u>COMPLAINT</u>

This is an overtime action brought by Deirdra Clark ("Ms. Clark"), a former employee of

Defendants under the Fair Labor Standards Act.

### *Defendants*

1.

Made Defendants herein and liable unto Ms. Clark are the following:

- Shop & Save Gas, Inc., a domestic corporation with this principal office located at 8632 Highway 65, Waterproof, LA 71375;

- Mohamed Ismail ("Mr. Ismail"), a person of the full age of majority residing in Monroe, LA;

- Anood, LLC, a Louisiana limited liability company with its domicile address located at 8632 Highway 65, Waterproof, LA 71375; and

- Ali M. Abdulla, a person of the full age of majority residing in Vidalia, LA.

1

***Jurisdiction and Venue***

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the Plaintiff files this action pursuant to the Fair Labor Standards Act (29 U.S.C. §201, *et seq.*) ("FLSA").

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the employment and unlawful payroll actions of Defendants that are the subject of this action occurred in Waterproof, Louisiana.

***Violations of the FLSA***

5.

Ms. Clark first began her employment with Defendants in 2007. Ms. Clark's employment with Defendants ceased on April 19, 2020.

6.

During the time period relevant to this lawsuit, Ms. Clark was employed as a store clerk for Defendants at a gas station and store named Bubba's Now Shop and Save. Ms. Clark received $7.25 per hour, as wages, until approximately 2017. In 2017, Ms. Clark received a raise to $8.00 per hour until the end of her employment.

7.

Defendants controlled and directed the daily activities of Ms. Clark.

8.

During the time period relevant to this lawsuit, Ms. Clark's work schedule, generally, was Monday through Sunday from 6:00 a.m. until 5:00 p.m.; however, Ms. Clark would routinely work more hours per day.

9.

Plaintiff was a non-exempt employee of Defendants because she received an hourly wage.

10.

Despite working significantly more hours than 40 hours in a workweek, at no point during Plaintiff's employment did Defendants pay Plaintiff any overtime compensation whatsoever.

11.

Defendants Shop & Save Gas, Inc. and Anood, LLC would routinely pay Ms. Clark with a check and cash. Both Defendants controlled the terms and conditions of Ms. Clark's employment by exercising control over her rate of pay, job duties, schedule, and employment policies.

12.

At all times relevant herein, Defendant Mr. Ismail was the president and director of Shop & Save Gas, Inc. Mr. Ismail established the policy for Shop & Save Gas, Inc. not to pay overtime wages to Ms. Clark. Additionally, Mr. Ismail had the authority to hire and fire Ms. Clark, to establish her rate of pay, and to establish her work schedule. From time-to-time, Mr. Ismail would pay Ms. Clark her wages from his personal account.

13.

At all times relevant herein, Defendant Anood, LLC was a manger managed Louisiana limited liability company. Defendant Mr. Abdulla is sole managing member of Anood, LLC. Mr. Abdulla also had the authority to control the terms of Ms. Clark's employment. Mr. Abdulla would

3

routinely establish Ms. Clark's work schedule, job duties, and rate of pay. Mr. Abdulla was the individual that originally hired Ms. Clark. Mr. Abdulla would occasionally pay Ms. Clark her wages form his personal account. Additionally, Mr. Abdulla established the policy for Anood, LLC not to pay overtime wages to Ms. Clark.

14.

All named Defendants are Ms. Clark's "employer" within the meaning of the FLSA, 29 U.S.C. §203(d). All named Defendants (1) controlled Ms. Clark's method and manner of work; (2) controlled the schedule for when Ms. Clark would work; and (3) jointly maintained Ms. Clark's employment records.

15.

Under the FLSA, Ms. Clark is entitled to payment of additional wages at the rate of one and one-half times the rate of her regular pay for all hours worked in excess of forty hours per week throughout the duration of her employment.

16.

Shop & Save Gas, Inc. and Anood, LLC are both an "enterprise" as that term is defined by the FLSA, 29 U.S.C. §203(r)(1), and are an enterprise engaged in commerce or in the production of good for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1). Specifically, Shop & Save Gas, Inc. and Anood, LLC own and operated gas stations and convenient stores. These gas stations and convenient stores sell fuel and inventory that was produced in interstate commerce.

17.

On information and belief, Defendants Shop & Save Gas, Inc. and Anood, LLC each have annual revenue that exceeds $500,000.00 for all years relevant to this matter.

18.

4

On information and belief, Ms. Clark, during and in connection with her employment with Defendants, used computer systems, equipment, supplies, and instruments that were produced in interstate commerce.

19.

Defendants have willfully and knowingly refused to pay overtime compensation to Ms. Clark for hours worked in excess of 40 hours in a workweek in an attempt to extract a higher profit margin for Defendants. Accordingly, Ms. Clark is entitled to recover three years of overtime wages owed from the date of the filing of this Complaint.

20.

Defendants' failure to pay Ms. Clark overtime compensation was unreasonable and lacked good faith, and as such, Defendants are liable to Ms. Clark for the unpaid overtime compensation, liquidated damages, and reasonable attorney's fees and costs.

**WHEREFORE,** Plaintiff prays that there be service and citation upon Defendants, and that after all legal delays and proceedings that there be a judgment rendered in favor of Plaintiff and against Defendants, *in solido*, for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding. Plaintiff also prays for any and all other relief to which she may be entitled at law or in equity.

Respectfully Submitted:


*/s/ James R. Bullman*
James R. Bullman, Bar Roll No. 35064 –T.A.
Brian F. Blackwell, Bar Roll No. 18119
*Blackwell & Bullman, LLC*
8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463
Email: james@blackwell-bullman.com
*Attorneys for Plaintiff*


AND

BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
By:  /s/ Scott E. Brady
Philip Bohrer, Bar Roll No. 14089
 phil@bohrerbrady.com
Scott E. Brady, Bar Roll No. 24976
 scott@bohrerbrady.com
*Attorneys for Plaintiff*